**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ERNEST LAMAR THOMAS,

                Petitioner,                           Case Number: 05-CV-74881

v.                                                   HON. LAWRENCE P. ZATKOFF

HUGH WOLFENBARGER,

                Respondent.
_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S "MOTION TO AMEND PETITION AND STAY PROCEEDINGS," (2) DENYING PETITIONER'S "MOTION TO DIRECT RESPONDENT TO COMPLY WITH RULE 5" WITHOUT PREJUDICE, AND (3) ADMINISTRATIVELY CLOSING CASE**

Petitioner Ernest Lamar Thomas filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, challenges his convictions for first-degree premeditated murder and possession of a firearm during the commission of a felony. Petitioner has now filed a "Motion to Amend Petition and Stay Proceedings" and a "Motion to Direct Respondent to Comply With Rule 5."

**I.**

In his Motion to Amend Petition and Stay Proceedings, Petitioner seeks to amend his petition to include several claims that his trial attorney was ineffective. Petitioner admits that these ineffective assistance of counsel claims have not been presented in state court. He also seeks a stay in this matter if the Court allows him to amend his petition.

Section 2242 provides that an application for a writ of habeas corpus "may be amended or

supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The applicable civil rule states that where, as here, a responsive pleading has been filed a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

The Sixth Circuit has identified the following factors a court should consider in deciding whether to permit an amendment:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.1998) (citations omitted). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982).

The Motion to Amend was filed only two months after the Respondent's Answer and Rule 5 materials were filed with the Court. Respondent has not opposed the motion. While the Court makes no finding as to the merits or timeliness of the claims Petitioner seeks to add by amendment, they do not appear to be clearly meritless or frivolous. In addition, Petitioner states that these claims are newly discovered and that he was not intentionally dilatory in failing to include these claims in his original petition.

Considering the relevant factors set forth by the Sixth Circuit, the Court finds that amendment is appropriate in this case and the petition is deemed amended to include the ineffective assistance of counsel claims presented in the Motion to Amend.

Petitioner also seeks a stay in this matter because the newly-added claims have not been

exhausted in state court. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, a federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

If the Court dismisses the current petition, Petitioner's ability to timely re-file a petition for writ of habeas corpus following the exhaustion of his issues in the state courts will be placed in jeopardy. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. § 2244, to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review. *See* 28 U.S.C. § 2244(d)(1)(A). The Michigan Supreme Court denied Petitioner's application for leave to appeal on December 29, 2004. *People v. Thomas*, No. 126417 (Mich. Dec. 29, 2004). Petitioner's conviction became final ninety days later, on March 29, 2005, when the deadline for filing a petition for writ of certiorari in the United States Supreme Court expired. Although Petitioner filed his petition in this Court on December 9, 2005, the Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Thus, unless equitably tolled, the limitations period already expired on March 29,

2006. Accordingly, the Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

Petitioner argues that his unexhausted claims were not presented in state court because his attorney was ineffective. An appellate attorney cannot be expected to raise his or her own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims in state court. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court shall grant the motion and stay further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

4

**II.**

Petitioner also has filed a Motion to Direct Respondent to Comply With Rule 5. Because the Court has determined that a stay is appropriate in this case, the Court will deny the Motion without prejudice. Petitioner may move to reinstate the motion if this matter is reopened after he exhausts state court remedies.

**III.**

Accordingly, **IT IS ORDERED** that Petitioner's "Motion to Amend Petition and Stay Proceedings Pending Exhaustion of State Remedies" [dkt. # 23] is **GRANTED** and the petition for writ of habeas corpus is **STAYED**. Petitioner may file a motion for relief from judgment with the state trial court within sixty days from the date of this Order. If Petitioner fails to file a motion for relief from judgment by that date, the Court will dismiss the petition for writ of habeas corpus without prejudice.

**IT IS FURTHER ORDERED** that Petitioner shall file an amended petition in this Court within sixty days after the conclusion of the state court proceedings. If Petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within twenty-one days thereafter. If, and when, Petitioner returns to federal court with an amended petition, following exhaustion of state remedies, he shall use the same caption and case number as appears on this order.

**IT IS FURTHER ORDERED** that to avoid administrative difficulties the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to reinstate the habeas

petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Direct Respondent to Comply With Rule 5" [dkt. # 22] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: October 3, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 3, 2007.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290